UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COREY DURAND CROSS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1049 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Corey Cross to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). He is incorrect, and the motion is denied.

In *Johnson*, the Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In this case, Movant pled guilty to being a felon in possession of a firearm, possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime,

and escape from custody. The Court sentenced him to an aggregate term of 240 months' imprisonment. His base level was found to be 20 under Section 2K2.1(a)(4)(B)(I) of the United States Sentencing Guidelines because he possessed a semi-automatic firearm capable of accepting a large capacity magazine. His sentence was not enhanced under the ACCA or Chapter Four of the Guidelines.

The holding in *Johnson* does not apply to § 2K2.1(a)(4)(B)(I) because it does not contain language similar to the residual clause in the ACCA. Therefore, Movant is not entitled to relief.

Finally, Movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Corey Cross to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 19th day of August, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE